IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN FOX, on behalf of herself and a class, <br><br> Plaintiff, <br><br> vs. <br><br> VALENTINE & KEBARTAS, INC. <br><br> Defendant. | ) FILED: APRIL 8, 2009 <br> ) 09CV2160 <br> ) JUDGE HART <br> ) MAGISTRATE JUDGE DENLOW <br> ) BR <br> ) ) ) ) ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1. Plaintiff Susan Fox brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Valentine & Kebartas, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest.

1

It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

## PARTIES

6. Plaintiff Susan Fox is an individual who resides in the Northern District of Illinois.

7. Defendant Valentine & Kebartas, Inc. is a Massachusetts corporation with offices located in Massachusetts, Florida, Idaho, and the Republic of Panama. It does business in Illinois. Its registered agent and office are Patrick B. Gough, 2701 Hastings Road, Chatham, IL, 62629.

8. Valentine & Kebartas, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Valentine & Kebartas, Inc. is a collection agency subject to the ICAA.

10. Valentine & Kebartas, Inc. is a debt collector under the FDCPA.

## FACTS

11. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

12. On or about March 26, 2009, plaintiff received the following automated telephone message on the voicemail associated with her cell phone:

> **866-598-2788. Thank you. Hello, this is a very important message for Susan A. Fox. This is not a sales or marketing phone call. Press the 9 key now or call us back at 866-598-2788. Thank you.**

13. The number 866-598-2788 is issued to defendant.

14. The call did not identify the company calling or state that the calls were for debt collection purposes.

15. On information and belief, defendant has a standard policy and practice of leaving automated telephone messages that do not identify the company calling or state that the call is for collection purposes.

## CLASS ALLEGATIONS

16. This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 630 or 331 area codes (c) for whom defendant left an automated voicemail or answering machine messages (d) that did not identify defendant or state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

17. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

18. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violates the FDCPA or ICAA.

19. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

20. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

21. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

## COUNT I – FDCPA

22. Plaintiff incorporates paragraphs 1-21.

23. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

25. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

    a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

    b. The messages did not identify defendant.

26. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

27. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

28. Plaintiff incorporates paragraphs 1-21..

29. Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

30. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs.

    c. Such other and further relief as is appropriate.


    /s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22720\_.WPD